THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>ADRIAN TYRELL THOMPSON )<br>)<br>**Defendant.** ) | **Case No. 8:22-cr-255-LKG** |

### MOTION TO SUPPRESS MR. THOMPSON'S INSTAGRAM POSTS

Defendant Adrian Thompson, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to the First Amendment to the United States Constitution, for an order suppressing any and all contents of Mr. Thompson's Instagram account "arod_somebody." Counsel requests a hearing on this motion.

In support of this motion, counsel states the following:

### PROCEDURAL BACKGROUND

1.  On July 21, 2022, Mr. Thompson was charged by Indictment with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 1

2.  On November 14, 2022, Mr. Thompson was arrested and had an initial appearance and arraignment where he entered a plea of not guilty to the sole charge. *See* ECF Nos. 8 and 14.

3.  Mr. Thompson was released with conditions pending resolution of this case. *See* ECF No. 12.

4.  On May 26, 2023, prior counsel for Mr. Thompson filed a Motion to Dismiss the Indictment and a Motion to Suppress Tangible Evidence. *See* ECF Nos. 27 and 28.

1

5. On May 2, 2024, this Court entered a scheduling order stating that any additional pretrial motions be filed by July 1, 2024.

## FACTS

On December 2, 2021, law enforcement observed a series of images published to the Instagram account "arod_somebody," which was purportedly controlled by Mr. Thompson. *See* Exhibit A. The Instagram images portrayed Mr. Thompson handling and firing both a rifle and a handgun inside a shooting range and handling live ammunition. Other images show Mr. Thompson posing by spent ammunition casings. Subsequent investigation by law enforcement determined that the photos and video were taken at the Maryland Small Arms Range in Upper Marlboro, Maryland. Surveillance footage shows that on December 2, 2021, Mr. Thompson rented a Romarm GP/WASR-10/63 rifle and a Glock handgun at that range – he did not bring a weapon of his own. He then hung a target, loaded a rifle magazine with ammunition, and fired several shots while another male took photographs and video using both a camera and a cell phone. Mr. Thompson then posed for additional photographs with a third firearm, a rifle, belonging to an unknown individual who had been shooting in the stall next to him. Afterward, Mr. Thompson and the male with him swept up spent ammunition casings into a pile and Thompson posed for photographs holding a firearm while crouching atop the spent casings.

## LAW AND ARGUMENT

The prosecution of Mr. Thompson on the basis of the contents of his Instagram account violate his First Amendment rights and should be suppressed for the following reasons: 1) Mr. Thompson's social media posts are protected speech under the First Amendment; 2) the government is prosecuting Mr. Thompson based upon the contents of his social media posts; 3) the government is abridging Mr. Thompson's speech by prosecuting him; and 4) Mr. Thompson's

2

speech is not obscenity, defamation, fraud, incitement, true threats, or integral to criminal conduct.

The First Amendment to the United States Constitution provides that "Congress shall make no law … abridging the freedom of speech …" U.S. Const. amend. I. Freedom of speech is a fundamental right protected by the First Amendment and speech conveyed over the internet, like all other manner of speech, qualifies for its protections. *303 Creative LLC v. Elenis*, 600 U.S. 570 (2023). Social media posts can be protected speech. *Packingham v. North Carolina*, 582 U.S. 98 104-05 (2017) (invalidating a North Carolina law which prohibited convicted sex offenders from using social media websites); *see also Reno v. ACLU*, 521 U.S. 844 (1997) (finding no basis for qualifying the level of First Amendment scrutiny that should be applied to the internet). "[T]he First Amendment protects speech even when the subject or manner of expression is uncomfortable and challenges conventional religious beliefs, political attitudes or standards of good taste." *United States v. Cassidy*, 814 F. Supp. 2d 574, 581–82 (D. Md. 2011) (internal citation omitted). The Supreme Court has held many times that criminal prohibitions are matters of special concern under the First Amendment because the severity of criminal sanctions may well cause speakers to remain silent rather than communicate even arguably unlawful words, ideas, and images. *Reno*, 521 U.S. at 871-872.

Some speech is not protected under the First Amendment and that list is limited to obscenity, defamation, fraud, incitement, true threats, and speech integral to criminal conduct. *Cassidy*, 814 F.Supp.2d at 582-83; *see also Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340, 342 (1974), *Miller v. California*, 413 U.S. 15, 24 (1973); *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949); and *Counterman v. Colorado*, 600 U.S. 66, 74 (2023).

Further, the fact that Mr. Thompson purportedly has a prior felony conviction does not mean that his First Amendment rights are no longer fundamental and personal. *Near v. State of Minnesota ex rel. Olson*, 283 U.S. 697, 720 (1931) (invalidating a law that withheld First Amendment rights based on prior abuses of those same rights); *see also Samson v. California*, 547 U.S. 843, 848 (2006) and *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Although the First Amendment does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent, *see Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) ("Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like."), a defendant's "abstract beliefs," on the other hand, cannot be admitted into evidence "when those beliefs have no bearing on the issue being tried." S*ee Dawson v. Delaware*, 503 U.S. 159, 168 (1992). Additionally, the government cannot introduce evidence of a defendant's speech simply to portray that defendant as "morally reprehensible" based on the views he or she has expressed. *Id*. at 167.

The charge brought forth in this case stems from a Prince George's County Police Detective randomly perusing the social media of an account with the Instagram handle "arod_somebody." The police report indicates that through "past knowledge," the detective was able to identify Mr. Thompson as the individual in the photos and video described in the facts section above. *See supra* and Exhibit A. Mr. Thompson is a bona fide rap artist with a catalogue of music on various platforms, including Spotify, YouTube, and others. He routinely posts promotional photos, videos, and music clips to his Instagram account, which has over 26,000 followers. The Instagram post caption that accompanies the photos and video are rhyming rap lyrics. *Id*. Mr. Thompson is shown to be properly handling and engaging the weapons and

4

ammunition in a lawful sporting manner while posing for photographs in an artistic form. *Id*. The depictions of Mr. Thompson are clearly First Amendment protected speech.

The government has charged Mr. Thompson and is actually prosecuting him for the contents of his First Amendment protected social media posts. The posts are directly related to his artistry and brand, and the government is abridging Mr. Thompson's right to free speech by bringing this prosecution. As discussed in *Reno supra*, the potential criminal sanctions for even arguably unlawful words, ideas, or images, may cause speakers to remain silent. Mr. Thompson's ability to post content relevant to his followers and artistry, which has a direct correlation to his brand and success, is severely inhibited because of the Government's action in this case. It also clear that Mr. Thompson's social media posts of him holding various firearms and firing a weapon at a target in a proper shooting range do not constitute obscenity, defamation, fraud, incitement, true threats, and are not integral to criminal conduct. These are abstract beliefs under the law and cannot be used as evidence against Mr. Thompson.

**CONCLUSION**

WHEREFORE, for the foregoing reasons and such other that this Honorable Court may deem just and proper after an evidentiary hearing on this motion, Mr. Thompson respectfully requests that this Honorable Court grant this motion and suppress any and all content seized by the government from his Instagram account "arod_somebody".

Respectfully submitted,

_____/s/_____
David Benowitz
MD Bar # 17672
Rammy G. Barbari
MD Bar # 31102
Price Benowitz, LLP
409 Seventh Street, NW, Ste. 200
Washington, D.C. 20004
(202) 271-5249
(202) 870-0139
David@pricebenowitz.com
rammy@pricebenowitz.com

*Counsel for Adrian Thompson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July 2024, I caused a true and correct copy of the foregoing Motion to be delivered via CM/ECF to all parties in this matter.

_____/s/_____
David Benowitz

6